UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

VALJEAN BROOKSHAW,

                         Plaintiff,

          -against-

THE CITY OF NEW YORK, a municipal entity; MICHAEL BLOOMBERG, Mayor of the City of New York; RAYMOND KELLY, New York City Police Commissioner; STEPHEN HAMMERMAN, Deputy Commissioner for Legal Matters; NYPD Special Counsel RUBY MARIN-JORDAN, New York City Police Department; JOSEPH ESPOSITO, Chief of Department, New York City Police Department; THOMAS GRAHAM, Commander, Disorders Control Unit, New York City Police Department; JOHN J. COLGAN, Assistant Chief and Commanding Officer, Pier 57; MICHAEL SCAGNELLI, Assistant Chief; NYPD Captain LORENZO JOHNSON; NYPD Inspector JAMES MCCARTHY; TIMOTY KRAFT, New York City Police Officer, Shield No. 11989; P.O. RACKNOVICH, New York City Police Officer; JOHN DOES 1-10, New York City Police Officers; RICHARD ROES 1-10, New York City Police Supervisors, and/or Commanders; individually and in their official capacities,

                         Defendants.

------------------------------------------------------------------- x

**ANSWER**

**07 CV 7495 (RJS)(JCF)**

       Defendants City of New York, Michael Bloomberg, Raymond Kelly, Stephen Hammerman, Thomas Doepfner, Ruby Marin-Jordan, Thomas Graham, John J. Colgan, Joseph Esposito, Michael Scagnelli, James McCarthy, Lorenzo Johnson, and Adnan Radoncic (sued herein as "P.O. Racknovich") (collectively "Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

**AS TO "PRELIMINARY STATEMENT"**

1. Defendants deny the allegations set forth in paragraph 1 of the Complaint, except to admit that plaintiff purports to bring this action as stated therein and that the Republican National Convention ("RNC") was held in New York City in late August and early September 2004.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint, except to admit that plaintiff purports to bring this action as stated therein.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint, except to admit that plaintiff purports to bring this action as stated therein.

## AS TO "JURISDICTION"

6. Defendants deny the allegations set forth in paragraph 6 of the Complaint, except to admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint, except to admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

## AS TO "VENUE"

8. Defendants deny the allegations set forth in paragraph 8 of the Complaint, except to admit that plaintiff purports to base venue as stated therein.

## AS TO "JURY DEMAND"

9. Defendants deny the allegations set forth in paragraph 9 of the Complaint, except admit that plaintiff seeks a jury trial.

## AS TO "PARTIES"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint, except admit that defendant City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint, except admit that Michael Bloomberg is the Mayor of the City of New York.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint, except admit that Raymond Kelly is Commissioner of the New York City Police Department.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint, except admit that Stephen Hammerman is a former Deputy Commissioner for Legal Matters for the New York City Police Department.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint, except admit that Thomas Doepfner is the Assistant Deputy Commissioner for Legal Matters for the New York City Police Department.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint, except admit that Ruby Marin-Jordan is Special Counsel to the New York City Police Department.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint, except admit that Joseph Esposito is Chief of Department of the New York City Police Department.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint, except admit that Thomas Graham is the Commanding Officer of the Disorder Control Unit of the New York City Police Department.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint, except admit that John J. Colgan is a Chief in the New York City Police Department.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint, except admit that Michael Scagnelli is a Chief in the New York City Police Department, Lorenzo Johnson is a Captain in the New York City Police Department, and James McCarthy is an Inspector in the New York City Police Department.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

### AS TO "FACTS APPLICABLE TO ALL CLAIMS"

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint, except admit that plaintiff Valjean Brookshaw was arrested on August 27, 2004.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint, except admit that plaintiff Valjean Brookshaw was taken to Pier 57.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint, except admit that plaintiff Valjean Brookshaw was transported to Pier 57.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint, except admit that plaintiff Valjean Brookshaw was transported to 100 Centre Street and was arraigned.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint, except admit that plaintiff Valjean Brookshaw was arraigned on one count of disorderly conduct and one count of parading without a permit.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint, except admit that the City of New York entered into an agreement with the Hudson River Park Trust regarding the use of Pier 57 during the RNC.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint, except admit that holding cells at Pier 57 during the RNC were equipped with portable toilets and water coolers.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint, except admit that food was provided to arrestees at Pier 57.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

**AS TO "FIRST CAUSE OF ACTION – DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983"**

54. Defendants repeat and re-allege their responses to paragraphs 1-54 of the Complaint as if fully set forth herein.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

**AS TO "SECOND CAUSE OF ACTION – MUNICIPAL LIABILITY – 42 U.S.C. §1983 – FIRST AMENDMENT"**

57. Defendants repeat and re-allege their responses to paragraphs 1-56 of the Complaint as if fully set forth herein.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in paragraph 59 of the complaint.

### AS TO "THIRD CAUSE OF ACTION – MUNICIPAL LIABILITY – 42 U.S.C. §1983 – FOURTH AMENDMENT"

60. Defendants repeat and re-allege their responses to paragraphs 1-59 of the Complaint as if fully set forth herein.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

### AS TO "FOURTH CAUSE OF ACTION – MUNICIPAL LIABILITY – 42 U.S.C. §1983 – FIFTH & SIXTH AMENDMENT"

64. Defendants repeat and re-allege their responses to paragraphs 1-63 of the Complaint as if fully set forth herein.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in paragraph 66 of the Complaint.

### AS TO "FIFTH CAUSE OF ACTION – MUNICIPAL LIABILITY – 42 U.S.C. §1983 – FOURTEENTH AMENDMENT"

67. Defendants repeat and re-allege their responses to paragraphs 1-66 of the Complaint as if fully set forth herein.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint.

### AS TO "SIXTH CAUSE OF ACTION – MUNICIPAL LIABILITY – DISCRIMINATORY ENFORCEMENT OF UNCONSTITUTIONAL NEW YORK STATE PENAL LAW §240.20"

70. Defendants repeat and re-allege their responses to paragraphs 1-69 of the Complaint as if fully set forth herein.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint, and refer to New York State Penal Law §240.20 for its full text.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in paragraph 75 of the Complaint.

### AS TO "SEVENTH CAUSE OF ACTION – SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1981 AND 1983"

76. Defendants repeat and re-allege their responses to paragraphs 1-75 of the Complaint as if fully set forth herein.

77. Defendants deny the allegations set forth in paragraph 77 of the Complaint.

78. Defendants deny the allegations set forth in paragraph 78 of the Complaint.

### AS TO "WHEREFORE"

79. Defendants deny the allegations set forth in sub-paragraphs A through I of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

80. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

81. There was probable cause for plaintiff's arrest, detention, and prosecution.

### THIRD AFFIRMATIVE DEFENSE

82. Any and all injuries and damages alleged in the Complaint were caused, in whole or in part, by plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

83. This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE

84.  Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

85.  Punitive damages are not recoverable against The City of New York. Punitive damages cannot be recovered against the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

86.  Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress.

### EIGHTH AFFIRMATIVE DEFENSE

87.  At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### NINTH AFFIRMATIVE DEFENSE

88.  At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE

89.  Plaintiff's claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

### ELEVENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

92. Process and service of process upon one or more of the defendants was insufficient.

### FOURTEENTH AFFIRMATIVE DEFENSE

93. The Court lacks personal jurisdiction over one or more of the defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

94. To the extent that defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### SIXTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff failed to mitigate plaintiff's damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff consented to the acts about which plaintiff complains.

### EIGHTEENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred, in whole or in part, by plaintiff's contributory or comparative negligence and by plaintiff's assumption of the risk.

### NINETEENTH AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

99. Plaintiff lacks standing to demand declaratory or injunctive relief.

Dated:   New York, New York
         November 15, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants
                100 Church Street, Room 3-135
                New York, New York 10007
                (212) 788-9736

By: _____
                Jeffrey C. Brooks (JB 0821)
                Assistant Corporation Counsel